IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO VALENZUELA

        Petitioner,               No. 2:10-cv-0973 JFM (HC)

   vs.

TIM VIRGA, et al.,

        Respondents.       <u>ORDER</u>

_____/

        Petitioner, a state prisoner, proceeds pro se with a first amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This matter is submitted for decision and proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) and the parties' consents, filed on May 5, 2010 and September 20, 2011.

### BACKGROUND

        Petitioner sustained multiple convictions in two separate cases in the Sacramento County Superior Court which were consolidated for appeal. The facts underlying his various convictions are not at issue, with the exception of the count discussed in subsection C, *infra*.

        For now, suffice it to say that in case number SF101123a, a jury convicted petitioner of assault with force likely to produce great bodily injury, assault with a firearm with personal use of a firearm, three counts of making criminal threats, discharging a firearm with

1

gross negligence, and misdemeanor battery. Lodged Document ("LD") 1 at 197. In a bifurcated court trial, the court found he had previously incurred a juvenile robbery conviction. LD 1 at 353. The trial court imposed an aggregate term of 24 years in state prison comprised, in part, of terms that were doubled due to his juvenile robbery conviction under California's habitual criminals, or "three strikes" law (*see* Cal. Penal Code §§ 667(d), 1170.12(b)). LD 2 at 453-54.

In case number SF101413B, petitioner pleaded guilty to receiving stolen property in exchange for the dismissal of several other counts. LD 3 at 225-26. For this offense, he was sentenced to a term of three years, doubled to six years due to the previous robbery conviction, and ordered to run concurrently with the sentence imposed in case SF101123a. LD 4 at 36.

## ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. *Early v. Packer*, 537 U.S. 3, 7 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle

from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).  Under AEDPA, a state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Ybarra v. McDaniel*, 656 F.3d 984, 989 (9th Cir. 2011).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

        A.  Use of Juvenile Conviction as Strike Prior

As set forth, petitioner's aggregate sentence was increased due to the fact that he had a prior juvenile robbery conviction.  For ground one, petitioner claims the use of his juvenile robbery conviction to enhance his sentence according to state sentencing law violated his federal constitutional rights because he was not afforded a jury trial at the proceeding which led to the juvenile conviction in question.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  The Ninth Circuit has held that the *Apprendi* "prior conviction" exception encompasses only those proceedings that

3

1 provide a defendant with the procedural safeguards of a jury trial and of proof beyond a
2 reasonable doubt. *United States v. Tighe*, 266 F.3d 1187, 1194 (9th Cir. 2001) (holding that a
3 juvenile conviction in California does not fall within the *Apprendi* exception because trial by
4 jury is not afforded). Nevertheless, the Supreme Court itself has not explicitly addressed the
5 constitutionality of using prior juvenile adjudications for sentence enhancement purposes, and
6 the Ninth Circuit recently reaffirmed that its rule prohibiting same is *not* clearly established
7 Supreme Court law for AEDPA purposes. *John-Charles v. California*, 646 F.3d 1243, 1253
8 (2011) (holding that the California courts' use of a juvenile conviction as a sentencing
9 enhancement was not contrary to, and did not involve an unreasonable application of clearly
10 established Supreme Court precedent) (citing *Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir.
11 2006 (same)).

12 Accordingly, the state court's use of petitioner's juvenile conviction to enhance
13 his sentence under the applicable state sentencing scheme does not offend clearly established
14 Supreme Court precedent and no relief is available. *See Harrington v. Richter*, 131 S.Ct. 770,
15 786 (2011) ("It is not an unreasonable application of clearly established Federal law for a state
16 court to decline to apply a specific legal rule that has not been squarely established by this
17 Court.") (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413-14 (2009)); *John-Charles*, 646
18 F.3d at 1253.

19         B.     Supplemental Briefing on Appeal

20 While petitioner's consolidated appeal was pending before the California Court of
21 Appeal, he requested leave to file a supplemental brief to challenge the use of his juvenile
22 conviction as a sentence enhancement, the issue discussed *supra* in subsection A. LD 6. The
23 basis for the motion was that counsel had just become aware that the issue was pending before
24 the California Supreme Court in *People v. Nguyen*, 152 Cal.App.4th 1205 (review granted
25 October 10, 2007). The court of appeal denied petitioner's request. LD 6. In ground two,
26 petitioner claims the state court's denial of his request to file a supplemental brief violated his

1  right to due process.  Petitioner made the same claim in his petition for review to the California
2  Supreme Court, which denied review without comment.  LD 10.

3  It is well settled that habeas corpus relief is only available for violations of law
4  that resulted in actual prejudice.  *See Calderon v. Coleman*, 525 U.S. 141, 147 (1998) (on federal
5  habeas corpus review, no relief can be granted without a showing that the error had a
6  "substantial and injurious effect or influence in determining the jury's verdict") (citing *Brecht v.
7  Abrahamson*, 507 U.S. 619, 637-38 (1993)); *see also Fry v. Pliler*, 551 U.S. 112, 121 (2007).
8  Following the denial of petitioner's request to file a supplemental brief, in *People v. Nguyen*, 46
9  Cal.4th 1007, 1014-28 (2009), the California Supreme Court held that a trial court's use of a
10 prior juvenile adjudication to increase a criminal defendant's sentence under the state's three
11 strikes law does not implicate the defendant's constitutional right to a jury trial.  Accordingly,
12 even if the state appellate court had allowed petitioner to file a supplemental brief, the ultimate
13 disposition of his appeal on the issue would have been the same.  Since no prejudice resulted
14 from the state court's denial of leave to file a supplemental brief on appeal, habeas corpus relief
15 is not available.  *See Brecht*, 507 U.S. at 637.

16     C.    Sufficiency of the Evidence

17 Petitioner was convicted on count one in case number SF101123A, a violation of
18 section 245(a)(1) of the California Penal Code, assault with force likely to cause great bodily
19 injury.  LD 1 at 176.  Petitioner claims there was insufficient evidence that he used force likely
20 to cause great bodily injury, based on the victim's lack of injuries and "other factors."  Pet. at 5.

21 At the close of the prosecution's case, defense counsel moved to dismiss this
22 count or, in the alternative, reduce it to a battery, arguing

> The force that Mr. Valenzuela used was only force that was
> sufficient enough to inflict small injuries, [using] hands and feet.
> The worst injury [the victim] had was a slight abrasion on her lip
> where she testified that when she jumped on him, he kicked her off
> and his foot kicked her.  That didn't cause great bodily injury.  She
> didn't sustain bodily injury.  The amount of force that he used is
> evidenced by the type of injuries that she sustained.

5

LD 2 at 466-67.  The trial court ruled:

> [T]he evidence is sufficient to go to the jury as trier of fact on that issue. [The victim] testified as to numerous blows; also testified that he kicked her in... the mouth, so that is the use of a leg to the head area.  I think that's sufficient to put that to a jury.
>
> Also, Ms. [Prosecutor] is right, GBI [great bodily injury] is not alleged.  If GBI was alleged, your argument would be well taken[.]

LD 2 at 476.

The Due Process Clause of the Fourteenth Amendment protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364 (1970).  On habeas corpus review, sufficient evidence supports a conviction so long as, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); s*ee also Prantil v. California*, 843 F.2d 314, 316 (9th Cir. 1988) (per curiam).

The *Jackson* standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Davis v. Woodford*, 384 F.3d 628, 639 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 319.)  The dispositive question is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318).  Under the AEDPA, this standard is applied with an additional layer of deference. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).  This court must ask "whether the decision of the California Court of Appeal reflected an 'unreasonable application of' *Jackson* and *Winship* to the facts of this case." *Id.* (citing 28 U.S.C. § 2254(d)(1)).

A court reviews the entire record when the sufficiency of the evidence is challenged on habeas corpus. *Adamson v. Ricketts*, 758 F.2d 441, 448 n.11 (9th Cir. 1985), *vacated on other grounds*, 789 F.2d 722 (9th Cir. 1986) (en banc), *rev'd*, 483 U.S. 1 (1987).  It is

1  the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw
2  reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.  If the trier
3  of fact could draw conflicting inferences from the evidence, the court in its review will assign
4  the inference that favors conviction. *McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir. 1994).  The
5  inquiry of focus is not whether the evidence excludes every hypothesis except guilt, but rather,
6  whether the jury could reasonably arrive at its verdict. *United States v. Mares*, 940 F.2d 455,
7  458 (9th Cir. 1991).

8  Under California law, "[a]ny person who commits an assault upon the person of
9  another with a deadly weapon or instrument other than a firearm or by means of force likely to
10 produce great bodily injury" is guilty of a felony or misdemeanor. Cal. Penal Code § 245(a)(1).
11 To prove that petitioner was guilty of assault with force likely to produce great bodily harm, the
12 prosecution had to prove:

> 1A. The defendant did an act that by its nature would directly and probably result in the application of force to a person, and
>
> 1B. The force used was likely to produce great bodily injury;
>
> 2. The defendant did that act willfully;
>
> 3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone;
>
> 4. When the defendant acted, he had the present ability to apply force likely to produce great bodily injury.
>
> AND
>
> 5. The defendant did not act in self-defense.

22 LD 1 at 247.  The jury was further instructed in accordance with state law as to the requirement
23 that the force used be likely to produce great bodily injury:

> No one needs to actually have been injured by defendant's act.
> But if someone was injured, you may consider that fact, along with
> all the other evidence, in deciding whether the defendant
> committed an assault, and if so, what kind of assault it was.

7

> Great bodily injury means significant or substantial physical
> injury.  It is an injury that is greater than minor or moderate harm.

LD 1 at 248.

The California Court of Appeal rejected petitioner's challenge to the sufficiency of the evidence that the force used was likely to produce great bodily injury:

> Hands and feet alone are capable of the infliction of great bodily
> harm, which is any injury of more than a trivial or insignificant
> nature. The focus is on the degree of force that a defendant actually
> used, not the force he was capable of employing or the actual
> injuries of the victim; however, the nature of the injuries can be a
> probative (if not conclusive) indicium of the degree of force used.
> (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028, 68 Cal.Rptr.2d
> 655, 945 P.2d 1204 (*Aguilar*); *People v. Duke* (1985) 174
> Cal.App.3d 296, 302-303, 219 Cal.Rptr. 873 (*Duke*); *People v.
> Muir* (1966) 244 Cal.App.2d 598, 603-604, 53 Cal.Rptr. 398
> (*Muir*).)
>
> In arguing there is insufficient evidence of the necessary force,
> defendant focuses on the lack of any severe injuries, the victim's
> nonchalant response to the beatings, and an absence of any need
> for medical care. He also compares the present facts unfavorably
> with other cases finding sufficient evidence of force. Finally, he
> asserts that the present facts do not even reach the level of cases in
> which the evidence was insufficient.
>
> That the facts of the present case do not present injuries as severe
> as in other cases finding sufficient evidence is not material. Those
> cases do not purport to establish any legal threshold of force that is
> greater than present here, and it is generally unproductive in any
> event to compare the circumstances of different cases on a
> question of fact. (*Robison v. City of Manteca* (2000) 78
> Cal.App.4th 452, 458, fn. 5, 92 Cal.Rptr.2d 748; *State
> Compensation Ins. Fund v. Brown* (1995) 32 Cal.App.4th 188,
> 202, 38 Cal.Rptr.2d 98.)
>
> As for the cases involving insufficient evidence of force, *People v.
> Fuentes* (1946) 74 Cal.App.2d 737, 739-740, 741, 169 P.2d 391
> has been the subject of severe criticism for its conclusion that a
> blow to the head "with all [the defendant's] force" resulting in
> unconsciousness was not sufficient to demonstrate force likely to
> inflict great bodily injury, because this gave the resulting injuries
> too conclusive a role. (*E.g., People v. Rupert* (1971) 20 Cal.App.3d
> 961, 967, 98 Cal.Rptr. 203; *Muir*, supra, 244 Cal.App.2d at pp.
> 603-604, 53 Cal.Rptr. 398.) Duke found that a headlock in and of
> itself without any effort to choke the victim (and resulting only in a
> scratch from the victim's own earring) was not sufficient to
> establish felony assault. (*Duke*, *supra*, 174 Cal.App.3d at pp.

> 302-303, 219 Cal.Rptr. 873.) The quantum of force in the present case was far greater.
>
> Moreover, the happenstance that more severe injuries did not actually occur and the victim was not thereafter hobbled in her actions does not foreclose the likelihood they might occur. Roberts echoed the perennial maternal cry in noting that a kick to the head could put out someone's eye, even if that did not take place. (*Roberts*, *supra*, 114 Cal.App.3d at p. 965, 170 Cal.Rptr. 872.) *People v. Hamilton* (1968) 258 Cal.App.2d 511, 517-518, 65 Cal.Rptr. 803 noted the mere fact of repeated blows to the head (which caused bruising and some bleeding) as being sufficient to uphold the verdict even though the victim afterward was able to go about her normal activities. A reasonable jury could find that defendant's blows and kick to the victim's mouth here could easily have caused greater injuries. We therefore reject this argument.

*People v. Valenzuela*, No. C058093, 2009 WL 1457124 at 1-3 (Cal. Ct. App. 3rd Dist., May 26, 2009) (footnote omitted).

Evidence at trial indicated that petitioner repeatedly struck the victim on the side and back of her head as she covered her face with her arms. LD 2 at 144. When she tried to hit back, he hit her "even worse," punching her in the head and kicking her mouth with his foot. LD 2 at 144-46. She testified that she suffered bruises on her arms, painful bumps on her head, and her mouth was bleeding. LD 2 at 144, 146, 149-50.

On this record, a rational jury could find that petitioner's use of force to the victim's head was *likely* to produce great bodily injury even though it did not. Contrary to petitioner's argument, the fact that the victim did not actually sustain serious injuries does not show, either alone or in combination with other evidence, that insufficient force was used for conviction on this count. The state court's determination that sufficient evidence supports the conviction was a reasonable determination of the facts in light of the evidence presented and is not contrary to, or an unreasonable application of federal law. *See Winship*, 397 U.S. at 364; *Jackson*, 443 U.S. at 319. No relief is available.

## CONCLUSION

For the foregoing reasons, the petition will be denied. Pursuant to Rule 11 of the

9

Federal Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth above, petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied; and

2. A certificate of appealability shall not issue.

DATED: June 28, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

LS/vale0973.hc